UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROOSEVELT CADAMEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:11CV402 RWS |
| | ) | |
| LOCAL 682 TEAMSTERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Roosevelt Cadamey filed this employment discrimination case asserting claims against union Defendant Local 682 Teamsters and two of its officers. Cadamey asserts that he was terminated from his job because of a dues dispute he had with Local 682. Cadamey filed this action against Local 682 under 42 U.S.C § 2000e, (Title VII of the Civil Rights Act of 1964). Cadamey asserts that Local 682 discriminated against him based on his race. Local 682 moves to dismiss this lawsuit asserting that because it was not Cadamey's employer, his claim under Title VII is without merit. Because Title VII bars discrimination by unions in circumstances when the union is not a plaintiff's employer, I will deny Local 682's motion to dismiss.

*Legal Standard*

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations

ommitted).  To survive a motion to dismiss a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  Id. at 555.

"A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007)(internal quotations and citations omitted).

*Discussion*

In his complaint[1], Cadamey alleges that he was employed by Fred Weber, Inc.  He states that he was laid off from work in December 2009.  He was recalled to work on January 11, 2010.  On January 19, 2010, he was laid off by Fred Weber because Defendant Local 682 Teamsters told Fred Weber that Cadamey had not paid his union dues.

Cadamey asserts that he had a dispute with Local 682 regarding his membership dues.  The dispute involved letters and payments sent to wrong addresses.  Cadamey asserts that he is an African American. He alleges that Local 682 violated his rights under Title VII in the way the union handled his dues issues and failed to help him keep his job.  He asserts that Local 682 actions were motivated because he is black.

Cadamey filed a charge with the Equal Employment Opportunity Commission alleging that Local 682 had violated is rights under Title VII.  In his complaint he reasserts that Local 682 discriminated against him based on his race in violation of his rights under Title VII.

Under Title VII it is unlawful for a labor organization to discriminate against an individual based on his race.  42 U.S.C. § 2000e-2(c)( it is unlawful for a union to exclude or to expel from its membership, or otherwise to discriminate against, any individual because of his race, color, religion, sex, or national origin. §2000e-2(c)(1)).  In liberally construing Cadamey's complaint I find that he has stated a claim against Local 682.

---

[1] Some of the background information is taken from Cadamey's charge of discrimination filed as an exhibit to his complaint.

Cadamey has also asserted a Title VII claim against two officers of Local 682, Gary Cossarini and Robin Norris. Title VII does not authorize an action against individuals who are employees of a union. See Van Horn v. Best Buy Stores, LP, 526 F.3d. 1144, 1147 (8th Cir. 2008)(there is no individual liability under Title VII).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss as to Teamsters Local 682 [#12] is **DENIED**.

**IT IS FURTHER ORDERED that** Defendants' motion to dismiss the claims against Gary Cossarini and Robin Norris [#12] is **GRANTED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of December, 2011.